**SOUTHERN SUN ELECTRIC CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

and

**International Brotherhood of Electrical Workers, Local 453, AFL–CIO, Intervenor-Respondent.**

No. 79–1923.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1980.

Decided April 11, 1980.

Gary T. Nelms, Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, Mo., for petitioner.

Barbara A. Atkin, Atty., N. L. R. B., Washington, D. C., for respondent; Howard E. Perlstein, Morton Namrow, Attys., Norton J. Come, Acting Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on the brief.

Before BRIGHT and ROSS, Circuit Judges, and HANSON, District Judge.*

PER CURIAM.

In this case, Southern Sun Electric Corporation (Southern Sun) petitions for review of a decision of the National Labor Relations Board pursuant to Section 10(f) of the National Labor Relations Act, 29 U.S.C. § 160(f).

Southern Sun filed the original complaint in this action against International Brotherhood of Electrical Workers, Local 453, alleging a violation of 29 U.S.C. §§ 158(b)(4)(i) and (ii)(B) for secondary boycotting of a

* The Honorable William C. Hanson, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

common situs construction job, with the intent of forcing the general contractor to cease doing business with Southern Sun. The Administrative Law Judge found that Local 453's picketing of a project in Springfield, Missouri, on which Killian Construction Company was the general contractor, was "for the purpose of forcing a neutral employer to cease doing business with the primary employer," Southern Sun. This finding was rejected by the Board in its decision of August 24, 1978, and Southern Sun's complaint was dismissed. We affirm the dismissal of the complaint.

Our review of the evidence in this case discloses the following facts: In the fall of 1975, Southern Sun was the electrical subcontractor on one of the Killian Construction Company's jobsites. In March 1976, Robert Killian, president of the company, received a call from Local 453's business manager, Jim Hensley. Hensley asked if Killian was aware that Southern Sun was nonunion and Killian replied that he was not. Killian testified that Hensley stated next that "something was going to have to be done about it." Both men agreed that Hensley should contact Southern Sun about the situation.

On March 23, 1976, the union began its picketing of the construction site. Although a separate entrance was established for Southern Sun's use, the picketing continued at both entrances. No violation was found inferable from the union's continued picketing of the gate used by the secondary employers, however, because the Administrative Law Judge and the Board found that the gates had been improperly established. In addition, there was evidence that the gates had not been strictly observed even by Southern Sun's president. We agree that the establishment of two gates, under these facts, added nothing to Southern Sun's case.[1]

The Administrative Law Judge predicated his finding of a violation on a second phone conversation between Hensley and Killian. On March 31, Killian called Hensley and, in the course of the conversation, asked what it would take to get the pickets to leave. Hensley answered that it would take the removal of Southern Sun from the job. Killian again suggested that Hensley contact Southern Sun. The Administrative Law Judge concluded that this exchange was "an almost stereotyped conversation which occurs repeatedly in common situs picketing situations and normally constitutes conclusive evidence that the object of the picketing * * * is for the purpose of forcing a neutral employer to cease doing business with the primary employer." The Board disagreed noting that the picketing ceased that afternoon.

We agree with the Board's conclusion that there is little evidence to support the notion that Hensley intended to involve Killian in the union's dispute with Southern Sun. The telephone conversation of March 31 was initiated by Killian, rather than Hensley, and the picketing ceased shortly thereafter, without any other evidence of a secondary objective and without any evidence of work stoppages or interrupted deliveries. Moreover, neither party to the conversation interpreted it as an attempt to involve a neutral employer in the dispute.

Accordingly, we affirm the Board's decision on the basis of its opinion of August 24, 1978, pursuant to Rule 14 of the Rules of this court.

---

1. *See generally Sailors Union of the Pacific, AFL (Moore Dry Dock Co.),* 92 N.L.R.B. 547, 549 (1950).